

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RIGOBERTO F. JUAREZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　Respondent. | No. CV 08-731-GPS (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: July 20, 2008

GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RIGOBERTO F. JUAREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | No. CV 08-731-GPS (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　The Court submits this Report and Recommendation to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice.

///
///
///
///
///
///

## I.

## SUMMARY OF PROCEEDINGS

On February 4, 2008, Petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition").

On March 5, 2008, Respondent filed a motion to dismiss the Petition on the grounds that Petitioner failed to state any ground for relief and failed to name the warden of the facility at which he is incarcerated as the Respondent.

Petitioner did not file an opposition to the motion.

On April 21, 2008, this Court issued an order requiring Petitioner to file, on or before May 19, 2008, a First Amended Petition that stated at least one ground for federal habeas relief and identified the name of the Warden as Respondent in the caption. The Order warned "that if Petitioner does not respond to this Order on or before May 19, 2008, the Magistrate Judge will recommend that the Petition be dismissed without prejudice."

Petitioner did not file a First Amended Petition or otherwise respond to the Court's order.

## II.

## FAILURE TO STATE A SINGLE GROUND FOR FEDERAL HABEAS RELIEF

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA expressly provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody **in violation of the Constitution or laws or treaties of the United States**." 28 U.S.C. § 2254(a) (emphasis added).

A petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies

available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Federal habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, the Petition is missing pages 4 though 7. The missing pages include the page which requires Petitioner to state each ground for federal habeas relief. The Petition does not state a single ground for relief. Lacking any grounds for relief, the Petition is subject to dismissal.

### III.
### **FAILURE TO NAME WARDEN AS RESPONDENT**

A petitioner for habeas corpus relief must name "'the state officer having custody of him or her as the respondent to the petition.'" *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citation omitted); *see* Rule 2(a) of the Rules Governing Section 2254 Cases. The respondent typically is the Warden of the facility in which the petitioner is incarcerated. *Smith*, 392 F.3d at 354. "'[F]ailure to name the petitioner's custodian as a

///

respondent deprives federal courts of personal jurisdiction' over the custodian." *Id.* at 354-55 (citation and footnote omitted).

Here, Petitioner has not named anyone as Respondent.

## IV.

## **FAILURE TO PROSECUTE**

A district court has authority to dismiss a habeas petition without prejudice because of a failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Allen v. Calderon*, 408 F.3d 1150, 1152 (9th Cir. 2005); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars).

In determining whether to dismiss a case for failure to prosecute, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondent; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Because Petitioner did not state any ground for relief, did not name the Warden as Respondent, did not file an opposition to Respondent's motion to dismiss the Petition, and did not respond to the Court's Order dated April 21, 2008, Petitioner's conduct hinders the Court's ability to move this case toward disposition, and indicates that Petitioner does not intend to participate in the prosecution of his habeas petition diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when there is a failure to prosecute diligently. *Id.* at 1452-53. That presumption may be rebutted where a

///

petitioner proffers an excuse for failing to prosecute. Petitioner has failed to come forward with any excuse or reason.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs in favor of dismissal. Given that Petitioner has not stated a single ground for relief, Petitioner's failure to participate in the prosecution of his habeas petition interferes with the Court's adjudication of the petition on the merits. It is a petitioner's responsibility to move a case towards a disposition. See *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged that responsibility.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court's Order dated April 21, 2008, expressly warned Petitioner that "if Petitioner does not respond to this Order on or before May 19, 2008, the Magistrate Judge will recommend that the Petition be dismissed without prejudice." (Order at 2.)

Taking all of the above factors into account, dismissal without prejudice is appropriate. In this case, Plaintiff has been cautioned about the possibility of dismissal in the Court's Order dated April 21, 2008, and will be afforded further notice by service of this Report and Recommendation.

A dismissal "without prejudice" would have the following consequences. In the event that the California Supreme Court denies relief, a new federal habeas petition filed by Petitioner would not be barred as a second or "successive" petition. See *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 798, 166 L. Ed. 2d 628 (2007).

**Petitioner is cautioned that a future federal habeas petition would be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d).** The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

///
///
///
///

5

## V.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: June 5, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.